```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA          :

    v.                              :    Criminal No. DKC 20-0249-001

DWAYNE HEYWOOD DOUGLAS            :

**MEMORANDUM OPINION**

On August 17, 2020, Magistrate Judge A. David Copperthite ordered Dwayne Heywood Douglas detained after holding a detention hearing. (ECF No. 26). Thereafter, he denied a motion for reconsideration by paperless order. (ECF No. 32). Defendant filed the pending motion for review of that order. (ECF No. 31). The court directed the parties to file whatever information each wished the court to review because, while *de novo* determination is required, a hearing is not. (ECF No. 33), citing *United States v. Martin*, 2020 WL 1274857 (D.Md. March 17, 2020). Both parties filed supplemental materials. (ECF Nos. 35, 37, 39).[1] Based on a *de novo* review of the written material and after listening to the recording of the detention hearing held on August 17, 2020,[2] the

---

[1] The motions to seal (ECF Nos. 34, 36, 38) are GRANTED. The personal information contained in the submissions should remain confidential except as recited herein.

[2] Exhibits were referenced at the hearing that do not appear in the electronic court file. The same exhibits may be among those presented in the recent written submissions.

court concludes that detention is warranted, in that, based on clear and convincing evidence, there are no conditions or combination of conditions that will reasonably assure the safety of the community, and by a preponderance of the evidence, there are no conditions or combination of conditions that will reasonably assure his appearance as required.

Mr. Douglas, in his most recent filing, argues that the COVID-19 public health emergency, coupled with the deficient measures in place at the CDF, his diabetes, and strong family and community ties, merit release.  He proposes to be placed on electronic home monitoring and house arrest at the home of his father (where his wife and children also live).

The Government relies on the same information provided to Magistrate Judge Copperthite, and also reports that at present the CDF reports that there have been only four cases of COVID-19 since August 1, 2020, and those individuals were isolated before being placed in general population.  In reply, the Defendant differs with the statistics presented, showing that there have been eight inmate cases since August 3, with half recovered, and additional staff who have tested positive.

Pursuant to 18 U.S.C. § 3142(g), the court considers information concerning four factors:  the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person (including character, physical

and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol use, criminal history, record concerning appearance at court proceedings, whether the person was on probation or other form of release at the time of the current arrest), and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

There is strong evidence supporting the government's case against Mr. Douglas.  Both the oral presentation at the detention hearing and the later written submission outline a lengthy investigation using confidential sources and undercover law enforcement officers, surveillance of people, phones and vehicles, and the execution of search warrants and a search at a just vacated apartment.  Large sums of currency, drug paraphernalia, and firearms have been seized.  Mr. Douglas does not really contest the evidence, but argues that there was no violence observed, and the fact that he was not arrested based on his earlier activities indicates that he is not a danger.  He acknowledges his earlier conviction and period of supervision but argues that supervision was terminated early despite a finding of violation.  He argues that means he can conduct himself well on release.  The so-called early termination does not merit much consideration—it came only 8 months before the expiration of a ten-year period of supervision.

It remains very unclear just how the Defendant claims he supports himself.  The Pretrial Services report states that Mr. Douglas said that he has been self-employed as a free-lancing contractor for landscaping, household repairs, and chauffeuring for 2 to 3 years.  He also reported receiving social security benefits until 2 or 3 years ago due to injuries from a shooting in 2008.  His wife told pretrial services that Mr. Douglas was unemployed and has been receiving social security benefits.  He was unable to provide an estimate of monthly income, said he pays $4,000 to $5,000 per year for his children, but that his wife takes care of the household expenses.  She said that Mr. Douglas supports her and the children financially, and that he pays $2,000 or more in monthly expenses.  At the hearing, counsel said that he was not working.  In the written submission, counsel now says he had a legitimate source of income and provides some purported tax returns, but that material seems to indicate music production at Serenity Grace and Hope, LLC, not landscaping, was his self-employment.  The many letters of support do not mention a source of income.

Judge Copperthite was correct that this is not a close case.  To suggest there is no danger from drug trafficking because there was no actual violence observed is a misplaced argument.  First of all, there were firearms present on two occasions where money and evidence of drug trafficking were found.  Second, drug trafficking

4

itself presents a danger to the community.  The Defendant's ties to and travel to Jamaica, coupled with the allegations that he was involved with co-conspirators in Mexico, make risk of non-appearance a real concern.  If he has transferred money to Jamaica, he might have the wherewithal to flee.  It is true that he has many family members here, and enjoys community support, but they don't seem to be aware of the full extent of his activities.  That support doesn't offset the risk of flight, and certainly not the risk of danger.  The prosecutorial choices, and priorities over the last four years, do reflect, in some measure, a calculation that allowing Mr. Douglas to remain in the community while further investigation occurred was not so dangerous as to offset the possibility of discovering other perpetrators.  But that does not mean that there is no danger.  If anything, the involvement in trafficking picked up, given the items found at and around the time of Mr. Douglas' arrest.  Similarly, the fact that he remained in the community after he likely knew he was of interest to law enforcement does not negate the likelihood of flight now that charges are a reality.

Section 3142(i) provides a distinct statutory basis for pretrial release. Under that section, the court may "permit the temporary release of [a] person" to "the custody of a United States marshal or another appropriate person," if the court determines that pretrial release is "necessary . . . for another compelling

reason." The defendant bears the burden of establishing circumstances warranting temporary release. *United States v. Lee*, 2020 WL 1974881 (D.Md. April 24, 2020)(citing the Fourth Circuit's order in *United States v. Creek*, CCB 19-036, ECF No. 402.)  Under that directive, the court is to consider the risk that the virus poses to a defendant, given his medical conditions and the current situation at the facility where he is being held, and whether that risk, balanced against the other factors, rises to a level of a compelling reason for temporary release.  In light of the findings stated above that the virus is limited in CDF, the risk to his health does not offset the very serious risk of danger to the community that would be posed by his release.  Therefore, temporary release under § 3142(i) is denied.

For the foregoing reasons, based on a *de novo* review, the detention order is CONFIRMED.  A separate order will follow.

                                        /s/
                                DEBORAH K. CHASANOW
                                United States District Judge