```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA              :

    v.                                  :   Criminal No. DKC 20-249-1

DWAYNE HEYWOOD DOUGLAS                :

**MEMORANDUM and ORDER**

Defendant Dwayne Heywood Douglas ("Mr. Douglas") filed a letter asserting that he qualifies for a reduction in sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821") and requesting the appointment of counsel. (ECF No. 112). For the reasons that follow, Mr. Douglas' letter, construed as a motion, will be denied.

Mr. Douglas pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. The government and Mr. Douglas agreed in his plea agreement that his base offense level was 30 because at least 5 kilograms but less than 15 kilograms of cocaine were attributable to him. Two levels were added because a firearm was possessed as part of, and in furtherance of, the conspiracy. The government did not oppose a 2-level reduction for acceptance of responsibility and made a motion for an additional 1-level decrease for timely notice of acceptance of responsibility. The resulting offense level was 29.

The parties' agreed in their sentencing memoranda that Mr. Douglas was in a Criminal History Category I.  He was sentenced to 96 months in prison immediately following his Arraignment/Rule 11 on September 27, 2021, without the benefit of a presentence report.  (ECF No. 88).  He did not appeal.

The Clerk received a letter from Mr. Douglas on February 1, 2024, requesting the appointment of counsel and contending that he qualified for a sentence reduction under Amendment 821.  (ECF No. 112).  The Clerk sent Mr. Douglas a letter on February 2, 2024, advising him that the Federal Public Defender was appointed to make a preliminary review of his motion and, if it was determined that he qualified, that office would file a motion with the court on his behalf.  (ECF No. 113).  Assistant Federal Defender Sapna Mirchandani filed a notice on June 5, 2024, advising that the Office of the Federal Public Defender would not be filing a supplement to Mr. Douglas' motion.  (ECF No. 117).

As the United States Court of Appeals for the Fourth Circuit explained in *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000):

> It is well settled that "a criminal defendant has no right to counsel beyond his first appeal."  *Coleman v. Thompson*, 501 U.S. 722, 756, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  Though in some exceptional cases due

2

> process does mandate the appointment of counsel for certain postconviction proceedings, see *Gagnon v. Scarpelli*, 411 U.S. 778, 788, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), [a] motion for reduction of sentence does not fit into this category.  A motion pursuant to [18 U.S.C.] § 3582(c) "is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." [*United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)].

*See also United States v. Williams*, Cr. No. 6:08-CR-00668, 2012 WL 3308353, at *1 (D.S.C. Aug. 13, 2012) (citing *Legree*, denying motion for appointment of counsel to assist with motion for reduction of sentence based on Amendment 750); *United States v. Alvarez*, Crim. No. 3:05-CR-75-02, 2012 WL 443763, at *1 (N.D.W.Va. Feb. 10, 2012) (same); *United States v. Eubanks*, No. 6:03-cr-30082, 2012 WL 37493, at *1 (W.D.Va. Jan. 9, 2012) (same).  Mr. Douglas' case does not present a complicated or unresolved legal question and the appointment of an attorney would not have altered the outcome.

"Ordinarily, a federal court may not 'modify a term of imprisonment once it has been imposed.'  This 'rule of finality,' however, 'is subject to a few narrow exceptions.'" *United States v. Gary*, No. 08-cr-0086-JKB, 2024 WL 1641007, at *1 (D.Md. Apr. 16, 2024) (first quoting 18 U.S.C. § 3582(c); and then quoting

3

*Freeman v. United States*, 564 U.S. 522, 526 (2011)). For instance, 18 U.S.C. § 3582(c)(2) provides that a court may "lower the sentence of a defendant who was 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' if the . . . reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines." *Id.* (quoting 18 U.S.C. § 3582(c)(2)). In addition, under 18 U.S.C. § 3582(c)(2), "a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." *Id.* (citing *United States v. Riley*, No. 13-cr-0608-ELH, 2022 WL 9361679, at *5 (D.Md. Oct. 14, 2022)). Part A of Amendment 821 ("Part A") retroactively alters the application of the Sentencing Guidelines of an offender who (1) earned criminal history "status points" based on the commission of an offense while serving a criminal justice sentence, or (2) is assessed zero criminal history points at the time of sentencing.

With regard to "zero-point offenders," the Commission's amendment adds a new Section 4C1.1, which reduces by two offense levels the guideline range for defendants with zero criminal history points. The two-level reduction, however, is not available

under this provision to a defendant if one of the exceptions stated in the new guideline applies.

§4C1.1.   *Adjustment for Certain Zero-Point Offenders*

(a) *Adjustment*.—If the defendant meets all of the following criteria:

    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

    (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

    (3) the defendant did not use violence or credible threats of violence in connection with the offense;

    (4) the offense did not result in death or serious bodily injury;

    (5) the instant offense of conviction is not a sex offense;

    (6) the defendant did not personally cause substantial financial hardship;

    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

    (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

      (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848

Mr. Douglas does not qualify for a two-level decrease in the offense level because he agreed to facts showing that he possessed firearms, ECF No. 90, at 11, 12, and agreed to the guideline enhancement of two levels because a firearm was possessed as part of and in furtherance of, the conspiracy.  (ECF No. 90, at 5).

Accordingly, it is this 21st day of October, 2024, by the United States District Court for the District of Maryland hereby ORDERED that:

    1.  The motion for a reduction in sentence under Amendment 821 and for the appointment of counsel filed by Dwayne Heywood Douglas (ECF No. 112) BE, and the same hereby IS, DENIED; and

    2.  The Clerk will mail a copy of this Order to Mr. Douglas and transmit a copy to counsel of record.

                                       /s/  
                                    DEBORAH K. CHASANOW  
                                    United States District Judge